LEMMON, Judge,
dissenting from the denial of the application for rehearing and assigning reasons.
The record clearly shows (1) that Goodyear repaired all of Rittiner’s flat tires and (2) that Rittiner never repaired flat tires, although they occasionally changed flat tires. If Rittiner during the critical period had been required to change a flat tire (using a spare), Goodyear in the same time interval would have repaired the tire and had a record of the service billing. Absence of such a record, plus the newness of the tires and the fact that steel belted tires were purchased to reduce flats (that occurred only twice in months prior to the change to the better tire), make it more likely than not that the tires were not removed after Goodyear’s installation, only 16 days prior to the accident.
Accordingly, I am inclined to the view that Rittiner, having proved by a preponderance of circumstantial evidence that the jury was caused by the fault of a third party for whom it was not responsible, is entitled to full indemnity from Goodyear.[1] I would therefore grant a rehearing.

. As noted in my concurring opinion on original hearing, Rittiner’s responsibility as guardian of the thing is non-delegable. Therefore, as to plaintiff, Rittiner is liable for the injury-causing fault of the independent contractor hired to service the thing under its control, but as between Rittiner and Goodyear, Rittiner is entitled to full indemnity.